# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY G. KIZZEE,<br><br>    Plaintiff,<br><br>    v.<br><br>C. MILLIGAN, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:04-CV-6396-OWW-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 12) |

I.  Findings and Recommendations Following Screening of Amended Complaint

   A.  Procedural History

   Plaintiff Anthony G. Kizzee ("plaintiff") is a federal prisoner proceeding pro se in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed this action on October 12, 2004. On April 5, 2005, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Plaintiff filed an amended complaint on May 3, 2005.

   B.  Screening Requirement

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### C. Summary of Plaintiff's Amended Complaint

The events at issue in the instant action allegedly occurred at United States Penitentiary-Atwater, where plaintiff is presently incarcerated.  Plaintiff names C. Milligan, B. Brown, and M. Orozco as defendants.  Plaintiff is seeking money damages and declaratory relief.

In his amended complaint, plaintiff alleges two due process claims stemming from his refusal to sign a new contract agreeing to the deduction of $100.00 per month toward his court ordered fine of $25,000.00.  Prior to plaintiff's refusal to sign the new contract, plaintiff was paying $25.00 per quarter toward his fine.

Plaintiff alleges that after he refused to sign a new contract with unit team members Milligan, Brown, and Orozco regarding his fine deduction amount, he was placed on "refusal status," which led to the loss of privileges.  In addition, plaintiff alleges that after he refused to sign the new contract, $25.00 was withdrawn from his account toward his fine.  Plaintiff alleges that his placement on "refusal status" violated his right to due process because he was not given written notice and an opportunity to be heard prior to placement on "refusal status."  Plaintiff further alleges that once he refused to sign the new contract and was placed on "refusal status," his old contract agreeing to the deduction of $25.00 was no longer valid and the continued deduction of $25.00 from his account without prior written notice violated his right to due process.

///

///

D.   Plaintiff's Due Process Claims

1.   Placement on Refusal Status

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff does not have a protected liberty interest in a particular classification status or particular privileges. Id. For this reason, plaintiff was not entitled to any constitutional procedural due process protections and fails to state a claim upon which relief may be granted for violation of the Due Process Clause. The court recommends that this claim be dismissed, with prejudice.

2.   Withdrawal of Trust Account Funds for Fine

The Due Process Clause also protects prisoners from being deprived of property without due process of law. Wolff, 418 U.S. at 556. An inmate's "interest in the funds in his prison [trust] account is a protected property interest." Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir. 1985). Once a protected property interest is found, what process is due is a question of law for the court to decide. Id.

Plaintiff does not claim that the sentencing court did not have a right to impose a fine upon him or that the fine is otherwise invalid. Plaintiff's claim is premised upon his contention that once he refused to sign a new contract for a new deduction amount, his old contract was void and defendants did not have the right to deduct money from his trust account for the fine. Plaintiff's claim is unpersuasive.

"'Ordinarily, due process of law requires [notice and] an opportunity for some kind of hearing prior to the deprivation of a . . . property interest.'" Halverson v. Skagit County, 42 F.3d

3

1257, 1260 (9th Cir. 1995) (internal quotations and citations omitted). "However, when the action complained of is legislative in nature, due process is satisfied when the legislative body performs its responsibilities in the normal manner prescribed by law." Id. "[G]overnmental decisions which affect large areas and are not directed at one or a few individuals do not give rise to the constitutional due process requirements of individual notice and hearing; general notice as provided is sufficient." Id. at 1260-61.

The $25.00 deduction in question was made by prison officials pursuant to a court ordered fine, and they were authorized to make the deduction. 18 U.S.C. § 3612; 28 C.F.R. § 545.11 (2005); Montano-Figueroa v. Crabtree, 162 F.3d 548, 550 (9th Cir. 1998). Defendants' attempt to get plaintiff to agree to a higher deduction amount and their decision to punish him for refusing does not transform the subsequent $25.00 fine deduction into one of deprivation of property without due process of law. General notice of deductions for fines was provided via statutory and regulatory authority. Id. Accordingly, plaintiff fails to state a claim upon which relief may be granted for denial of due process.

### E. Conclusion

The court finds that plaintiff's amended complaint does not contain any cognizable due process claims. Plaintiff was previously given leave to amend to cure the deficiencies but was unable to do so. Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to Bivens.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///
///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 9, 2005**            /s/ Lawrence J. O'Neill
b9ed48                                                UNITED STATES MAGISTRATE JUDGE