1

2

3

4

5

6                        **UNITED STATES DISTRICT COURT**

7                       **EASTERN DISTRICT OF CALIFORNIA**

8

9  ANTHONY G. KIZZEE,                )      1:04-cv-06396 OWW LJO P
                                     )
10               Plaintiff,          )      MODIFICATION TO ORDER
                                     )      ADOPTING FINDINGS AND
11      v.                           )      RECOMMENDATIONS (DOC. 15)
                                     )
12  C. MILLIGAN, et al.,             )      ORDER DISMISSING ACTION FOR
                                     )      FAILURE TO STATE A CLAIM
13               Defendants.         )
                                     )
14  _____ )

15

16       Plaintiff Anthony G. Kizzee ("Plaintiff") is a federal

17  prisoner proceeding pro se in this civil rights action pursuant

18  to *Bivens v. Six Unknown Named Agents of Federal Bureau of*

19  *Narcotics*, 403 U.S. 388 (1971).  The matter was referred to a

20  United States Magistrate Judge pursuant to 28 U.S.C.

21  § 636(b)(1)(B) and Local Rule 72-302.

22       On November 10, 2005, the Magistrate Judge filed a Findings

23  and Recommendations herein which was served on Plaintiff and

24  which contained notice to Plaintiff that any objections to the

25  Findings and Recommendations were to be filed within thirty (30)

26  days.  On December 12, 2005, Plaintiff filed objections to the

27  Magistrate Judge's Findings and Recommendations.

28       In accordance with the provisions of 28 U.S.C.

                                  1

1  § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a

2  *de novo* review of this case.  Having carefully reviewed the

3  entire file, the Court finds the Findings and Recommendations to

4  be supported by the record and by proper analysis.  Title 28

5  C.F.R. § 545.11(a)(1)-(5) specifically authorizes the Bureau of

6  Prisons Unit Staff to help an inmate develop a financial plan,

7  when an inmate has a financial obligation, and monitor the

8  inmate's progress in meeting that obligation.  Subsection (a)(3)

9  makes a court-ordered fine a third priority obligation.

10      Under § 545.11(b) the inmate is responsible for making

11  satisfactory progress in meeting his/her financial responsibility

12  plan and for providing documentation of these payments to unit

13  staff.  Under § 545.11(b)(1) "ordinarily, the minimum payment for

14  non-UNICOR and UNICOR grade 5 inmates will be $25.00 per quarter.

15  This minimum payment may exceed $25.00, taking into consideration

16  the inmate's specific obligations, institution resources, and

17  community resources.  Under subsection (b)(2) inmates assigned in

18  grades 1 through 4 in UNICOR ordinarily will be expected to allot

19  not less than 50% of their monthly pay to the payment process.

20  Any allocation which is less than the 50% minimum must be

21  approved by the Unit Manager.

22      Under § 545.11(d) refusal by an inmate to participate in the

23  financial responsibility program or to comply with the provisions

24  of his financial plan result in a variety of sanctions including

25  not receiving any furlough; not receiving performance pay above

26  the maintenance pay level or bonus pay or vacation pay; not being

27  assigned to a work detail outside the secure perimeter of the

28  facility; not being placed in UNICOR or, if assigned to UNICOR,

2

1   being removed from UNICOR and, once removed, may not be placed on

2   a UNICOR waiting list for six months.   Other sanctions that can

3   be imposed include a monthly commissary spending limitation;

4   quartering the inmate in the lowest housing status; the inmate

5   will not be placed in a community based program; the inmate will

6   not receive a release gratuity unless approved by the Warden; and

7   the inmate will not receive an incentive for participation in

8   residential drug treatment programs.

9        It is important to distinguish a schedule of payments under

10  the Mandatory Victim Restitution Act, 18 U.S.C. §§ 3663A-3664,

11  which is a non-delegable duty of the District court to make a

12  schedule for payment of restitution while a Defendant was in

13  prison, from scheduling payment of a fine.   In *Montagno-Figueroa*

14  *v. Crabtree*, 162 F.3d 548, 550 (9th Cir. 1998) the Ninth Circuit

15  expressly holds that a District Court can delegate scheduling of

16  the payment of fines to the Bureau of Prisons.   *See United States*

17  *v. Gunning*, 401 F.3d 1145, 1150 (9th Cir. 2005) (distinguishing

18  restitution payments under the MVRA as non-delegable, from fine

19  payments which are delegable to the BOP); *see also*, citing the

20  principle with approval, *United States v. Stephens*, 424 F.3d 876,

21  881, fn.2 (9th Cir. 2005).

22       There is no error in the Magistrate Judge's analysis which

23  recognizes the well-established authority of the Bureau of

24  Prisons to impose sanctions against a prisoner for failure to

25  participate and perform in a financial program relative to

26  payment of a court-ordered fine.

27       Accordingly, IT IS ORDERED:

28       1.   The Findings and Recommendations, filed November 10,

3

1   2005, are ADOPTED IN FULL; and

2        2.    This action is DISMISSED, with prejudice, for

3   Plaintiff's failure to state a claim upon which relief may be

4   granted pursuant to *Bivens*.

5

6   DATED:   January 4, 2006.

7                                    /s/ OLIVER W. WANGER

8                              _____
                                    Oliver W. Wanger
9                              UNITED STATES DISTRICT JUDGE

10  dlp/kizzee v. milligan order

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    **4**